UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAMONT LATHAM                                                                                    PETITIONER

VERSUS                                                            CIVIL ACTION NO. 1:13CV215-HSO-RHW

RONALD KING                                                                                     RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Lamont Latham's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Latham signed his petition May 12, 2013, and the clerk of court filed the petition on May 16, 2013.  Respondent has filed a [7] Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d).  Latham has not filed a response in opposition to the motion.  The undersigned concludes the motion should be granted and Latham's petition dismissed as time-barred.

### FACTS AND PROCEDURAL BACKGROUND

Latham is currently incarcerated in the South Mississippi Correctional Institution.  On August 28, 1997, Latham entered guilty pleas to charges of simple murder and armed robbery.  Also on August 28, 1997, the trial court sentenced Latham to life in prison for simple murder and 20 years for armed robbery, with the sentences to run concurrently.  Doc. [7-1].

Latham did not file a direct appeal from the conviction and sentence.  Nor did he file any motion in State court for post-conviction collateral relief until November 16, 2011--almost 14 years after his conviction and sentence.  *See* doc. [7-2].  The State court concluded that it did not have jurisdiction over the post-conviction motion, because Latham filed the petition beyond the State's three-year limitation for such motions.  *See* doc. [7-3].  Latham filed a notice of appeal;

however, the Court of Appeals of the State of Mississippi dismissed the appeal because Latham failed to file an appellant brief. *See* docs. [7-4] & [7-5]. The appellate court later denied Latham's motion to reinstate his appeal. Doc. [7-6].

Latham filed the instant § 2254 petition on May 16, 2013. In his petition, Latham does not offer any explanation concerning the delay in filing his State post-conviction motion. Respondent filed the instant motion to dismiss based on the application of the one-year limitation for filing § 2254 petitions.

## LAW AND ANALYSIS

Respondent contends that Latham's conviction and sentence became final on September 27, 1997. Latham has not filed a response and therefore does not dispute this contention. Further, Respondent argues that Petitioner filed both his federal habeas petition and state motion for post-conviction relief beyond the applicable one-year limitation period, which expired on September 28, 1998. Therefore, Respondent argues that Latham's petition is untimely, and he is not entitled to any statutory tolling.

28 U.S.C. § 2244 provides in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws

> of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d) requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment and conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998). Unless one of the exceptions of § 2244(d)(1) applies, the one-year limitations period begins to run as soon as "the judgment of the trial court became final by conclusion of direct review or the expiration of the time for seeking such review." In this case, Latham failed to appeal the original judgment of conviction; therefore, by operation of Miss. Rule of App. P. 4, the time for seeking appellate review expired on September 27, 1997. Latham's § 2254 petition was due on September 28, 1998, or one-year after his conviction and sentence became final. He did not file the instant § 2254 petition until May 16, 2013, nearly 15 years beyond the applicable deadline.

      Nor is Latham entitled to any tolling. The one-year limitation period is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review," but nether an improperly filed state habeas petition nor a state habeas petition filed outside the

limitations period affects the one-year time bar for federal habeas relief. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Latham did not file his state habeas petition until November 16, 2011, after the one-year deadline for filing a federal habeas petition had already expired. Accordingly, he is not entitled to statutory tolling of the limitations period. Moreover, Latham has not identified any rare and exceptional circumstances that would justify equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2000) ("equitable tolling should be applied only if the applicant diligently pursues § 2254 relief."); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

Latham's pleadings are virtually devoid of any explanation or excuse for his failing to file a timely § 2254 petition. In his petition, he merely cites to *Rowland v. State of Mississippi*, 42 So. 3d 503 (Miss. 2010), and asserts that he has a right to the one-year limitation period. *See* doc. [1] at 13. The undersigned concludes that *Rowland* is inapplicable. It is a state court ruling applying to procedural bars contained in Mississippi's post-conviction statutes. The holding in *Rowland* has no application to any of the exceptions to the one-year limitations period contained in § 2244(d).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [7] Motion to Dismiss be GRANTED and that Latham's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who

objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     SO ORDERED, this the 8th day of October, 2013.

                       /s/ *Robert H. Walker*
                       ROBERT H. WALKER
                       UNITED STATES MAGISTRATE JUDGE